[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**January 5, 2006**
**THOMAS K. KAHN**
**CLERK**

————————————————

No. 05-12857
Non-Argument Calendar

————————————————

D. C. Docket No. 04-00055-CV-4-RH

TINA CASTILLO,

Petitioner-Appellant,

versus

FEDERAL CORRECTIONAL INSTITUTION OF TALLAHASSEE,

Respondent,

JOSE VAZQUEZ,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

**(January 5, 2006)**

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Federal prisoner Tina Castillo appeals the district court's denial of her 28 U.S.C. § 2241 petition for writ of habeas corpus seeking credit against her federal sentence for time served prior to the imposition of her federal sentence. The district court did not err, and we affirm.

In reviewing the denial of a habeas petition, we review the district court's factual findings for clear error and review de novo the court's interpretation of a statute. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). Regarding the BOP's decisions concerning the award of credit for time served

> the judiciary retains the final authority on matters of constitutionality and statutory construction. Where an administrating agency's construction of a statute is at issue, however, a deferential two-step process of review had been established. First, if congressional purpose is clear, then interpreting courts and administrative agencies must give effect to the unambiguously expressed intent of Congress. A second level of review, however, is triggered when the statute is silent or ambiguous with respect to the specific issue. Where an administrating agency has interpreted the statute, a reviewing court is bound by the *Chevron* rule of deference. A court may not substitute its own construction of a statutory provision for a reasonable interpretation by an administrating agency. Agency interpretation is reasonable and controlling unless it is arbitrary, capricious, or manifestly contrary to the statute. Thus, we defer to an agency's reasonable interpretation of a statute it is charged with administering.

*Id.* (internal quotations, citations, and footnote omitted).

2

Section 3585(b) provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b). District courts are not authorized to compute a credit at sentencing. *United States v. Wilson*, 112 S. Ct. 1351, 1354 (1992).

The district court did not err in denying Castillo's petition because she was not entitled to credit for time served. Pursuant to the clear terms of § 3585(b), a defendant can receive credit for time served only if the specified time period has not been credited against another sentence. *See* 18 U.S.C. § 3585(b). Castillo does not dispute the Iowa state court gave her credit against her state sentence for the period of August 20, 2000, through November 20, 2001. Because this time period was credited against another sentence, Castillo was not entitled to a second credit

3

against her federal sentence. *See Wilson*, 112 S. Ct. at 1355-1356 (stating Congress made clear in § 3585 a defendant could not receive a double credit for his detention time).

AFFIRMED.