[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 21, 2006
THOMAS K. KAHN
CLERK

No. 05-14514
Non-Argument Calendar

_____

D. C. Docket No. 04-01262-CV-TWT-1

FRANCO TINOCO JAIMES,
a.k.a. Villa Victorio Sanchez,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 21, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Franco Tinoco-Jaimes, a federal prisoner proceeding *pro se*, appeals the district court's denial of his federal habeas petition, brought pursuant to 28 U.S.C. §§ 2241 and 2255. In his petition, Tinoco-Jaimes claims that the district court should have imposed concurrent sentences, and that he was entitled to credit for time served in state custody. The district court denied Tinoco-Jaimes's petition because it found that he had failed to exhaust administrative remedies under § 2241, and that his claim under § 2255 was time-barred. We affirm in part and remand in part.

In August of 1996, Tinoco-Jaimes pled guilty to illegal reentry into the United States after deportation, and was sentenced to 24 months' imprisonment and 3 years' supervised release. Tinoco-Jaimes was deported to Mexico in January of 1999 but returned to the United States in March of 2000. Several months later, he was arrested in Hall County, Georgia, and was charged with a number of offenses, including aggravated assault of a police officer. While Tinoco-Jaimes was in the custody of the Hall County Sheriff's Department, federal immigration officials determined that he had previously been removed from the United States and was still on supervised release for his 1996 conviction. Tinoco-Jaimes was then indicted for unlawful reentry after having been deported, and in January of 2001 pled guilty to the charge in federal district court. The district court sentenced

Tinoco-Jaimes to 84 months' imprisonment and 3 years' supervised release.[1] In addition, the district court revoked his supervised release on his 1996 conviction and sentenced him to 24 months' imprisonment, to be served consecutively to the 84-month term. He was then returned to Georgia custody.

On appeal, Tinoco-Jaimes argues that the district court erred in denying his petition, because the exhaustion requirements of the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), do not apply to a petition under 28 U.S.C. § 2241, and because any attempt to exhaust his administrative remedies would have been futile. He further argues that his sentences should have run concurrently and been reduced by the amount of time he spent in state custody. Insofar as Tinoco-Jaimes's petition could be interpreted as one brought pursuant to 28 U.S.C. § 2255, the district court denied his claims as time-barred.[2] However, "[u]nless a circuit justice or judge issues a certificate of appealability [("COA")], an appeal may not be taken to the court of appeals from . . . the final order in a proceeding

---

[1] In January of 2001, Tinoco-Jaimes also pled guilty to the Hall County charges and was sentenced to a term of incarceration in the custody of the Georgia Department of Corrections.

[2] To the extent Tinoco-Jaimes argues that certain sentences should have been made to run concurrently or reduced under the United States Sentencing Guidelines, he is attacking the imposition of his sentence. Such claims are not cognizable under § 2241 unless the habeas petitioner establishes that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) (per curiam). Tinoco-Jaimes has not attempted to carry that burden. *See id.* (describing limited circumstances under which § 2255's "savings clause" makes § 2241 available).

under § 2255." 28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22(b). In interpreting § 2253(c) and Rule 22(b), we developed the following rules for appeals which, like Tinoco-Jaimes's, are filed after the effective date of the Antiterrorism and Effective Death Penalty Act:

> (1) District courts must treat notices of appeal filed by petitioners following a denial of either a section 2254 or a section 2255 petition as applications for COAs.

> (2) District courts must consider and rule upon the propriety of issuing the COA first, that is, before a request for a COA will be received or acted on by this court or a judge of this court.

*Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997) (per curiam). In the record before us, we find no order from the district court granting or denying a COA. To the extent that Tinoco-Jaimes purports to bring a claim under § 2255 then, we must remand his action to the district court for a COA determination. *See id.* at 1084-85. Insofar as Tinoco-Jaimes seeks relief under § 2241, however, no COA is required. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("[A] federal prisoner who proceeds under § 2241 does not need a COA to proceed.").

We review a denial of habeas relief under § 2241 de novo. *Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir.) (per curiam), *cert. denied*, 541 U.S. 1036, 124 S. Ct. 2112, 158 L. Ed. 2d 722 (2004). Although the PLRA does not apply to habeas

4

petitions, we have held that prisoners seeking habeas relief under § 2241 must nevertheless exhaust administrative remedies. *See id.* at 1295. Furthermore, where a habeas petition is brought pursuant to § 2241 the exhaustion of administrative remedies is jurisdictional. *See Winck v. England*, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam). We must resolve jurisdictional issues before we address the merits of any underlying claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998).[3]

The Attorney General has the authority to determine what credit, if any, is due a prisoner for time served, and the Attorney General has delegated the right to make this determination to the Bureau of Prisons ("BOP"). *See Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995); *United States v. Lucas*, 898 F.2d 1554, 1555-56 (11th Cir. 1990) (per curiam). A prisoner seeking credit against his sentence for time in custody must exhaust BOP administrative remedies, or else the district court has no jurisdiction to hear his claims. *Lucas*, 898 F.2d at 1556. "The [BOP] has established regulations governing formal review of inmate complaints relating to any aspect of imprisonment." *Id.*; *see* 28 C.F.R. §§ 542.10-.19. These regulations "set out the procedures that prisoners must pursue prior to seeking

---

[3] Like the denial of habeas relief, jurisdictional issues are subject to de novo review. *See Taylor v. United States*, 396 F.3d 1322, 1327 (11th Cir. 2005) (per curiam).

relief in a district court." *Lucas*, 898 F.2d at 1556.

Tinoco-Jaimes does not show or assert that he exhausted the administrative remedies provided for by the BOP. Rather, he asserts that such exhaustion would have been "patently futile," because he believes that the BOP would not be able to resolve the issues he raises "without the assistance of the [district] court." Given our precedent that the exhaustion requirement in § 2241 cases such as Tinoco-Jaimes's is jurisdictional, whether he may even assert a futility exception to the requirement is questionable.[4] Assuming Tinoco-Jaimes can argue futility, however, the case upon which he relies states that exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and that the petitioner "bears the burden of demonstrating the futility of administrative review." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Tinoco-James does not show that his case involves extraordinary circumstances, and does not adequately explain

---

[4] *Lucas* concluded that the exhaustion requirement in § 2241 cases was jurisdictional after examining 18 U.S.C. § 3585 and its predecessor, 18 U.S.C § 3568. *See* 898 F.2d at 1554-56. We have reasoned that "[a]lthough judicially developed exhaustion requirements might be waived for discretionary reasons by courts, *statutorily* created exhaustion requirements bind the parties and the courts." *Richardson v. Reno*, 162 F.3d 1338, 1374 (11th Cir. 1998) (emphasis added), *judgment vacated on other grounds*, 526 U.S. 1142, 119 S. Ct. 2016, 143 L. Ed. 2d 1029 (1999). Failure to comply with statutory exhaustion requirements deprives a court of jurisdiction; thus "mandatory statutory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply due to futility." *Id.*; *cf. Gallo Cattle Co. v. United States Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."). *But see Rodriguez*, 60 F.3d at 747 (declining to address exhaustion in § 2241 context where Government did not raise issue of petitioner's failure to exhaust).

why administrative review would prove futile. Thus, the district court properly denied his petition under § 2241.

We affirm the district court's denial of Tinoco-Jaimes's petition insofar as he asserts claims under § 2241. To the extent that Tinoco-Jaimes purports to bring his claims under § 2255, however, we remand the case for a determination on whether to grant or deny a COA.

**AFFIRMED IN PART AND REMANDED IN PART**.