[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-13352
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 15, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-22110-CV-MGC

PEDRO CASTILLO,

Petitioner-Appellant,

versus

LOREN GRAVER, Warden, FCI,
Miami, Florida, Federal Bureau
of Prisons,
FEDERAL BUREAU OF PRISONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 15, 2006)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Federal prisoner Pedro Castillo, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2241 petition for writ of habeas corpus, seeking credit for time he served between his indictment and sentencing while he was imprisoned for another offense. Castillo filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996); the provisions of that act govern this appeal.

On October 13, 1999, Castillo was sentenced to 87 months' imprisonment ("the 87-month sentence") after pleading guilty to a drug offense. Unrelated to this drug offense and while he was in custody, Castillo was indicted on October 12, 1999, for drug and firearms offenses. Castillo pled guilty to these offenses and was sentenced on December 2, 2002, to 60 months' imprisonment for the drug offenses, to run concurrently with the conspiracy sentence ("the 60-month concurrent sentence"), and to 60 months' imprisonment for the firearm offense, to run consecutively to the aggregated 87-month and 60-month concurrent sentences ("the 60-month consecutive sentence"). Thereafter, the Bureau of Prisons ("BOP") aggregated the remainder of Castillo's 87-month sentence with the 60-month concurrent sentence into a single term of imprisonment with a full-term release date of December 1, 2007. The BOP then gave Castillo 382 days of good conduct time credit and 484 days of credit for time served between his arrest on June 16,

2

1998, and October 12, 1999 (the day before the 87-month sentence commenced), for a projected release date of July 18, 2005. The BOP then added the 60-month consecutive sentence which, after an additional 235 days of good conduct time credit, yielded an overall projected release date of November 21, 2009.

Castillo argues that, at his sentencing for the drug and firearm offences, the district court's statement that he "shall receive credit for time served since the case began" required the BOP to run his 60-month concurrent sentence from October 12, 1999, the date he was indicted for the drug and firearms offenses. Castillo relies on Section 5G1.3(c) of the United States Sentencing Guidelines Manual ("U.S.S.G."), as well as the Third Circuit case *Ruggiano v. Reish*, 307 F.3d 121, 128 (3d Cir. 2002), for the proposition that a concurrent sentence must be run "fully or retroactively concurrently." Castillo argues that any other result would unfairly penalize him for the delay between his indictment and his sentencing, which was not his fault. Finally, Castillo asserts that the district court can alternatively grant him the appropriate credit towards his prison sentence by remanding his case for consideration of a downward departure pursuant to U.S.S.G. § 5K2.0.

In reviewing the denial of a habeas petition, we review the district court's factual findings for clear error and review de novo the court's statutory

3

interpretation. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995).

We find meritless Castillo's argument that the BOP was required to run "fully and retroactively concurrently" the 60-month concurrent drug sentence with the 87-month sentence. First, Section 5G1.3(c) states that a sentence "*may* be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment," which is not a mandate. U.S.S.G. § 5G1.3(c) (emphasis added). Second, *Ruggiano*, a non-binding Third Circuit case, uses the phrase "fully and retroactively concurrently" in interpreting Section 5G1.3(b), which requires the two sentences to arise from the same incident. Castillo's sentences were unrelated. Finally, the district court sentencing Castillo to the 60-month concurrent and consecutive sentences had no authority to bind the BOP in stating that Castillo "shall receive credit for time served since the case began." District courts are not authorized to compute a presentence credit at sentencing. *United States v. Wilson*, 503 U.S. 329, 334, 112 S. Ct. 1351, 1354, 117 L. Ed. 2d 593 (1992). Indeed, Castillo quotes only partially the district court's statement, which continues, "but the [BOP] decides how to give it to you, and most likely they won't give you credit for that." The computation of credit for a sentence is the responsibility of the Attorney General, who has delegated it to the BOP. *Id.* at 335, 112 S. Ct. at 1355.

4

Section 3585(b) of Title 18 of the United States Code provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences– (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). Having reviewed the sentence calculation, we find that the BOP's calculation accords with the statute's requirements.

Castillo also filed a "Motion to Preserve Issue And/Or Be Remanded for Unconstitutional Sentence" arguing that this sentence is unconstitutional under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Because he did not raise this issue in his petition to the district court, we will not consider it on appeal. *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court."). Accordingly, we deny his motion.

In sum, the district court did not err in denying Castillo's petition because he was not entitled to double credit for time already served and credited against his 87-month sentence. Likewise, the district court did not err in refusing Castillo's alternative suggestion that it simply grant him a downward departure under U.S.S.G. § 5K2.0 because courts are prohibited from modifying already imposed

5

terms of imprisonment unless the modification falls within a statutory exception. 18 U.S.C. § 3582(c). The district court's judgment is affirmed, and the motion to preserve is denied.

**AFFIRMED. MOTION DENIED.**