[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12262
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-61099-CV-WJZ

RICARDO CANWORD,

Petitioner-Appellant,

versus

JORGE L. PASTRANA,
Warden, FCI/CPC Miami,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 10, 2009)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Federal prisoner Ricardo Canword, proceeding pro se, appeals the district

court's denial of his 28 U.S.C. § 2241 petition for writ of habeas corpus, seeking

credit against a second federal sentence for time spent in custody while serving his first federal sentence. On appeal, Canword generally argues that he is entitled to 317 days of prior custody credit on his aggregated sentence, and without the 317 days of credit, his concurrent federal sentences became, in effect, consecutive. After careful review, we affirm.

We review the availability of habeas relief under § 2241 de novo. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). Regarding the BOP's decisions concerning the award of credit for time served, "the judiciary retains the final authority on matters of constitutionality and statutory construction." Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995). In interpreting the BOP's construction of a statute, we use the deferential two-step process of review established in Chevron USA, Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). Id. If the statute is clear, we must follow Congress' unambiguous intent. Id. Where the statute is silent or ambiguous as to the issue in question, however, we must employ the Chevron "rule of deference." Id. (quotation omitted). That rule provides that:

> [a] court may not substitute its own construction of a statutory provision for a reasonable interpretation by an administrating agency. Agency interpretation is reasonable and controlling unless it is arbitrary, capricious, or manifestly contrary to the statute. Thus, [this Court] defer[s] to an agency's reasonable interpretation of a statute it is charged with administering.

2

Id. (internal quotations, citations, and alterations omitted).

Section 3585(b) of Title 18 of the United States Code reads:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). District courts are not authorized to compute a presentence detention credit at sentencing. United States v. Wilson, 503 U.S. 329, 334 (1992).

Here, the district court did not err when it denied Canword's petition because he was not entitled to additional credit for time served on his first federal sentence between the date he was indicted in the second federal case and the date the second federal sentence was imposed. Pursuant to the clear terms of § 3585(b), a defendant can receive credit for time served only if the specified time period has not been credited against another sentence. See 18 U.S.C. § 3585(b). Canword already received credit towards his first sentence for the time he served between April 12, 1999, and March 3, 2000. Canword had been credited with that time

3

when the BOP aggregated the remainder of his first sentence with the concurrent portion of his second sentence, and the district court correctly found that counting it twice would have amounted to double crediting. See <u>Wilson</u>, 503 U.S. at 337 (indicating that Congress made clear in § 3585 that a defendant could not receive a double credit for his detention time). Accordingly, we affirm.

**AFFIRMED.**