[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11181
Non-Argument Calendar

_____

D. C. Docket No. 07-00249-CV-OC-10-GRJ

NELSON REY,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - LOW,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 28, 2009)

Before EDMONDSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Nelson Rey, a federal prisoner proceeding with counsel, appeals the denial of his petition for writ of habeas corpus, 28 U.S.C. § 2241.[1] No reversible error has been shown; we affirm.

The basis of Rey's section 2241 petition stems from sentences he received in two separate federal courts. While on supervised release for a New Jersey drug distribution conviction, Rey committed additional federal offenses in New York. He was arrested and detained for these New York offenses in October 1998. Rey pleaded guilty to the New York charges in November 1999. On 17 December 1999 -- while he was awaiting sentencing for the New York convictions -- the New Jersey district court revoked his supervised release and sentenced him to 30 months' imprisonment. On 13 October 2000, the New York district court sentenced Rey to 151 months' imprisonment, to run concurrently with his New Jersey sentence. For both sentences, Rey was credited with the time he spent in detention from his October 1998 arrest until 17 December 1999, the start of his sentence for the supervised release violation.

In his section 2241 petition, Rey alleged that the Bureau of Prisons (BOP)

---

[1]Rey does not need a certificate of appealability to proceed in this appeal. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (concluding that a federal prisoner proceeding under section 2241 does not need a certificate of appealability to appeal).

did not give him appropriate credit on his New York sentence for time served, in violation of 18 U.S.C. § 3585(b). Rey sought to have credited to his New York sentence the approximately 300 days between when his New Jersey sentence for the supervised release violation was imposed (17 December 1999) and when his sentence for the New York convictions was imposed (13 October 2000). The district court denied relief, concluding that Rey was unentitled to have the challenged time credited against his New York sentence because it already had been credited against his New Jersey sentence.

On appeal, Rey argues that the BOP's interpretation of section 3585(b) violated due process because it was contrary to the New York district court's order that his sentences run concurrently. The availability of habeas relief under section 2241 is a question of law that we review de novo. Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006). We review de novo the district court's interpretation of a statute. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995).

In some circumstances, a defendant is entitled to credit for time served in official detention before his sentence commences if that time has not been credited against another sentence. 18 U.S.C. § 3585(b). A sentence "commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

3

Here, the district court committed no error in denying Rey relief because the time he sought to have credited to his New York sentence already had been credited to his New Jersey sentence. And, in enacting section 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 112 S.Ct. 1351, 1355-56 (1992). Rey argues that, when his New Jersey sentence was imposed, he already was serving his New York sentence and there was no interruption of his custody on this sentence. But a sentence cannot begin before the date it is pronounced, "even if made concurrent with a sentence already being served." Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (citing United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). So, Rey's New York sentence commenced on 13 October 2000, the date it was imposed; and he could receive no credit for time served before this date if that time already was credited to another sentence. See § 3585(b); Wilson, 112 S.Ct. at 1355-56.[2]

In his section 2241 petition, Rey also argued that the BOP did not award him

---

[2]That the New York district court ordered the sentence to run concurrent to the New Jersey sentence did not mean that the New York sentence had to start the same day as the New Jersey sentence. See Coloma, 445 F.3d at 1284. And it did not have the effect of ordering the BOP to credit Rey for any particular days spent in prior custody. Indeed, the New York court had no authority to order the BOP to apply such credit. See United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (the BOP, as opposed to the district courts, is responsible for computing the amount of credit due for the time a defendant served before sentencing).

the correct amount of good conduct time (GCT), in violation of 18 U.S.C. § 3624. The district court concluded that this claim was due to be dismissed because Rey had not exhausted his administrative remedies on it.  On appeal, Rey argues that this claim should be exempt from the exhaustion requirement because exhaustion would have been futile.  We review de novo a district court's interpretation and application of the requirement to exhaust administrative remedies.  Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir. 1998).

Prisoners seeking relief pursuant to section 2241 are subject to administrative exhaustion requirements.  Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004).  And the exhaustion requirement in the section 2241 context is jurisdictional.  See Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003). Under 42 U.S.C. § 1997e(a), exhaustion is required even if the relief "does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court."  Alexander, 159 F.3d at 1328.

The record indicates -- and Rey concedes -- that he failed to exhaust his administrative remedies on his GCT claim.  And the futility exception to exhaustion is inapplicable to his claim because exhaustion is mandatory.  See id. Moreover, the government raised this claim in the district court and before this Court.  See Rodriguez, 60 F.3d at 747 (considering a section 2241 claim where it

5

was unclear whether the prisoner had exhausted the claim because the government had not objected on the basis of exhaustion).  Accordingly, the district court made no error by denying Rey's challenge to the BOP's interpretation of section 3624 for lack of exhaustion as it had no jurisdiction over this claim.  Because Rey failed to exhaust his administrative remedies, we decline to address his substantive arguments about the interpretation of section 3624.

AFFIRMED.