[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15410
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cr-00005-ACC-PRL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN WYNN LEVERETTE, JR.,
a.k.a. Norman Wynn Leverette,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 3, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Norman Leverette, a federal prisoner proceeding pro se, appeals the district court's denial of his post-judgment motion for credit for time-served.  On appeal, Leverette contends he is entitled to credit for time-served during the 318-day period between April 15, 2013, and February 27, 2014, the date he received his sentence in federal court.  Leverette also asserts the Bureau of Prisons (BOP) is violating his Eighth Amendment rights by refusing to award him the requested credit.  After review, we affirm.[1]

Section 3585(b)(2) of Title 18 of the U.S. Code provides: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . that has not been credited against another sentence."  But it is the Attorney General through the BOP, not the district court, that § 3585(b) empowers to compute sentence credit awards after sentencing.  *United States v. Wilson*, 503 U.S. 329, 333–34 (1992) ("We do not accept Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing.").

---

[1] "We review de novo the district court's interpretation of a statute."  *See Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995) (involving a 28 U.S.C. § 2241 petitioner's claim under 18 U.S.C. § 3585(b) that he was entitled to credit for time-served for pretrial home confinement).

A prisoner "is free to urge the [BOP] to credit his time served in state court based on the District Court's judgment that the federal sentence run concurrently with the state sentence for the new [federal] charges." *Setser v. United States*, 566 U.S. 231, 244 (2012). "If the [BOP] initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program." *Id*. (citing 28 C.F.R. § 542.10 et seq. (2011)). Under that program, an inmate may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Typically, a prisoner must first request a remedy from the institution where the prisoner is confined. *See* 28 C.F.R. §542.14. If the inmate is not satisfied with the Warden's response, the inmate may submit an appeal to the appropriate Regional Director. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, "[a]ppeal to the General Counsel [of the BOP] is the final administrative appeal." *Id*.

Only once a prisoner has been denied administrative relief can he seek relief from a district court via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). "It is no longer the law of this circuit that exhaustion of administrative remedies is a jurisdictional requirement in a § 2241 proceeding." *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015). However, the "exhaustion requirement is still a

requirement; it's just not a jurisdictional one.  What its non-jurisdictional nature means is that a court need not inquire into exhaustion on its own." *Id.* at 475.

Leverette has failed to demonstrate that he exhausted the administrative remedies available to him through the BOP.  Therefore, the district court did not err in concluding it lacked the authority to grant Leverette's request for credit for time-served.  Accordingly, we affirm.

**AFFIRMED.**