**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2243
_____

MICHAEL WEST,
                              Appellant

v.

WARDEN FORT DIX FCI;
ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:16-cv-08701)
District Judge:  Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2018
Before:  GREENAWAY, Jr., RESTREPO, and FUENTES, Circuit Judges

(Opinion filed: October 19, 2018)
_____

OPINION*
_____

PER CURIAM

        Michael West, who is proceeding pro se, appeals the District Court's dismissal of

his habeas petition filed pursuant to 28 U.S.C. § 2241.  For the following reasons, we will

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

affirm.

In 2013, West pleaded guilty in the United States District Court for the District of New Jersey to child pornography charges, and the District Court sentenced him to 95 months of imprisonment. In his § 2241 petition, West challenged the Bureau of Prison's calculation of his sentence.[1] Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) ("A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241."). In particular, he claimed that the BOP did not give him credit for time served in a residential re-entry center, time during which he was restricted to home confinement, and time spent in state custody. After the Government filed an answer, the District Court denied West's petition, holding that his claim was unexhausted and meritless. West appealed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir.

---

[1] After filing his § 2241 petition, West submitted several motions to amend and to add exhibits to his petition. The District Court granted West's requests insofar as his allegations and exhibits pertained to his sentence calculation claim. But the District Court denied West's attempts to add claims alleging that the criminal court lacked jurisdiction to convict him and that his sentence violated the Rooker-Feldman doctrine. This was not an abuse its discretion. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). A federal prisoner's challenge to the legality of his sentence and conviction must be raised in a § 2255 motion, except where the remedy under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). West did not show that § 2255 is inadequate or ineffective to consider the claims in his motion to amend that pertain to the criminal court's jurisdiction and the Rooker-Feldman doctrine.

2005).

On October 21, 2010, the FBI arrested West on federal child pornography charges. During West's initial appearance the next day, a Magistrate Judge set bail at $100,000. West remained in custody until November 29, 2010, when the Magistrate Judge ordered his release to a residential re-entry center. Several weeks later, on December 21, 2010, the Magistrate Judge modified the conditions of release to permit home detention with electronic monitoring. At sentencing, the District Court ordered West to voluntarily surrender on March 4, 2013, but subsequently extended that date. West voluntarily surrendered to begin service of his sentence on April 3, 2013. The BOP calculated West's sentencing as beginning on that date, and credited him with the time he spent in custody between the date of his arrest and the date he was released to the residential re-entry center. West argued, however, that he should have received credit for the entire period between the date of his arrest and the date he began serving his sentence.

Pursuant to 18 U.S.C. § 3585(b), a defendant is entitled to "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences …." 18 U.S.C. § 3585(b). Notably, the Supreme Court has held that "a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions… is 'released.'" Reno v. Koray, 515 U.S. 50, 57 (1995). Indeed, "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a

'penal or correctional facility' … and who were subject to the BOP's control." Id. at 58. Thus, prior to sentencing, defendants who are released on bail to detention in a residential re-entry center or to home confinement with electronic monitoring are not in "official detention" within the meaning of § 3585(b). Id. at 65;[2] Rodriguez v. Lamer, 60 F.3d 745, 748 (11th Cir. 1995) (holding that, under Koray, defendant could not receive credit for time spent in home confinement before sentencing). Accordingly, the District Court properly held that West is not entitled to credit for the time that he spent in the residential re-entry center or on home confinement.

West also made several arguments pertaining to time that he allegedly spent (or will spend) in state custody. For example, he asserted that the sentencing court was not authorized to order "a term of imprisonment to run concurrent or consecutive to a yet to be impose[d] or non-existing state sentence." He further suggested that he is entitled to relief under the Interstate Agreement on Detainers while "awaiting disposition of pending state charges." Finally, West claimed that he should receive credit for "time served on a pre-existing state sentence." The District Court found, however, that "[t]here is nothing in the record in this matter, or in the record of [West's] criminal matter in this Court, or in [his] § 2255 proceeding that suggests he was even taken into custody by State authorities

---

[2] In Koray, the defendant was required to be confined in a community treatment center, 515 U.S. at 53. West has not alleged that there is any meaningful difference between such a facility and a residential re-entry center. Cf. Garza v. Davis, 596 F.3d 1198, 1201 n.3 (10th Cir. 2010) (stating that "[residential re-entry centers] and [community corrections centers] are two [terms] used to describe the same animal.").

4

…." West has not identified any error in this conclusion. Accordingly, there is no merit to West's assertion that he is entitled to relief based on time spent in state custody.

For the foregoing reasons, we will affirm.[3] West's "Motion for Summary Judgment Pursuant to Fed. R. App. P. 4(a)(5)" – which seeks judgment in his favor on the basis that the Appellees' brief was untimely filed – is denied. We note that the Appellees filed their brief within the deadline set by our order of July 25, 2018.

---

[3] Because the sentencing calculations claims' lack of merit provides an adequate basis upon which to affirm, we need not address the District Court alternative conclusion that West failed to exhaust his administrative remedies. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005).