**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2801
_____

ERIC SIJOHN BROWN,
                              Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-18-cv-08132)
District Judge:  Honorable Renée M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 5, 2019

Before:  AMBRO, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed:  January 6, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Eric Brown, a prisoner incarcerated at the Federal Correctional

Institution in Fort Dix, New Jersey, appeals from the District Court's order denying his

habeas corpus petition filed pursuant to 28 U.S.C. § 2241.  For the reasons discussed

below, we will summarily affirm.

In 2014, Brown pleaded guilty in the United States District Court for the Eastern

District of Pennsylvania to conspiracy to commit loan and wire fraud and related

offenses.  He was sentenced to a term of imprisonment of 180 months.  In his § 2241

petition, Brown challenged the calculation of his sentence by the Bureau of Prisons

("BOP").  See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) ("A challenge to the

BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241.").  Brown

claimed that the BOP did not give him credit for the time, between April 2013 and

January 2015, during which he was allowed to be on home confinement as a condition of

release on bail.  The District Court denied the petition, determining that Brown's home

confinement did not constitute official detention which would entitle him to credit for

prior custody.  This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).  See O'Donald

v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005).[1]  We "exercise plenary review over the

District Court's legal conclusions and apply a clearly erroneous standard to its findings of

[1]  Brown does not need to obtain a certificate of appealability to proceed with this appeal.
See Burkey, 556 F.3d at 146.

fact." Id. We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

We agree with the District Court's conclusion that Brown's § 2241 petition was meritless. A defendant is entitled to "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences," provided that other conditions, which are not at issue here, are met. 18 U.S.C. § 3585(b). The Supreme Court has held that "a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" Reno v. Koray, 515 U.S. 50, 57 (1995). In Koray, the defendant was required to be confined in a community treatment center as a condition of bail. Id. at 53. The Supreme Court held that this confinement could not be credited as time served because "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' § 3621(b), and who were subject to BOP's control." Id. at 58.

Here, Brown seeks credit for the time when he was confined at home as a condition of release on bail.[2] Although he was subject to restrictions, he was not in any

---

[2] Brown's petition sought credit for the time he was on home confinement between his arrest on April 18, 2013, and the commencement of his sentence on January 7, 2015. In the District Court, the Government submitted records showing that, after his arrest, Brown was not released to home confinement as a condition of release on bail until April 26, 2013. See ECF No. 6-1 at 15–16; see also United States v. Brown, E.D. Pa. Crim.

penal or correctional facility during that time. Thus, he was not in official detention during that time, and that time cannot be credited as time served under § 3585(b). See Koray, 515 U.S. at 58; Rodriguez v. Lamer, 60 F.3d 745, 748 (11th Cir. 1995) (holding that, under Koray, defendant could not receive prior custody credit for time spent in home confinement as a condition of release on bail).[3]

For the foregoing reasons, we will affirm the District Court's judgment.

---

No. 2:13-cr-00176-1, ECF No. 41. Thus, we construe Brown's petition as seeking credit for the time between April 26, 2013, and January 7, 2015, as that is the only time when he was on home confinement as a condition of release on bail. Even if Brown were seeking credit for the time between his April 18, 2013 arrest and his April 26, 2013 release on bail, that claim would be meritless based on the factual record here. The Government's records indicate that Brown received prior custody credit for the time between April 18 and April 26, see ECF No. 6-1 at 34, and Brown has not disputed that fact.

[3] Contrary to Brown's argument in support of his appeal, the First Step Act of 2018 does not change our analysis that Brown's home confinement as a condition of release on bail does not entitle him to credit for prior custody under § 3585(b). Cf. 18 U.S.C. § 3624(g); Rodriguez, 60 F.3d at 749 (explaining the distinction between defendants placed on home confinement as a condition of release on bail and defendants who "have been convicted, sentenced, and placed in the custody of the BOP prior to their subjection to home confinement"). To the extent that Brown's argument in support of his appeal attempts to raise new claims, including claims based on the First Step Act of 2018 and amendments to the United States Sentencing Guidelines, we will not consider those claims here. See In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010) (explaining that the Court will "not consider new claims for the first time on appeal") (citation omitted). Brown may wish to pursue those claims through separate litigation. We express no opinion on the merits of such claims.