[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13728
Non-Argument Calendar

_____

D. C. Docket No. 03-00026-CV-OC-10-GRJ

JOSE SEMANE COLOMA,

Petitioner,

versus

CARLYLE I. HOLDER,

Respondent.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 11, 2006)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Pro se federal prisoner Jose Semane Coloma appeals the district court's

denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Coloma was sentenced twice in separate federal proceedings on different charges, and he asserts that, because those charges were related, the second court's intention to have his sentences run "concurrently" should be construed under the Guidelines to require the Bureau of Prisons to subtract time served from the 188 months imposed as his second sentence. Because the second sentence already accounted for any overlap due to separate prosecutions arising from the same crime, we AFFIRM.

## I. BACKGROUND

Coloma currently is serving a 188-month sentence for conspiracy to import a controlled substance in violation of 21 U.S.C. § 963. This sentence is the result of a second prosecution for a second drug importation conspiracy. In his petition, Coloma alleged that the Bureau of Prisons ("BOP") deprived him of precustodial credits when he was in custody for a federal offense awaiting sentencing for a second federal offense, but his petition was broadly construed. The issue on appeal is whether the three years between the two cases should be deducted from his second sentence by the BOP, because the court in the second federal case ordered his sentence to run concurrently to the sentence then being served for his first conviction.

2

The district court denied the petition for habeas corpus. Coloma asserts on appeal that the sentencing hearing and plea agreement for his second federal sentence indicate that the district court intended that his second federal sentence, imposed in the Southern District of Georgia in 1994, would run fully concurrent with his first federal sentence, imposed in the Southern District of Florida in 1991, and that the order sentencing him to serve his sentence concurrently must have been made pursuant to U.S.S.G. § 5G1.3 (1994).

The dispute on appeal concerns the years Coloma served in federal prison from 1991 to 1994. There is no dispute that during the years after 1994 the time passed concurrently for both the first and second sentences.[1] Coloma's first sentence was for conspiracy to import marijuana, and his second sentence was for conspiracy to import cocaine. Both sentences were imposed pursuant to conviction under 21 U.S.C. § 963. Coloma argues that, because the dates of the conspiracies overlap, because the same players were involved, and, because the drugs were coming from the same country, the crimes were essentially the same criminal enterprise and that he should be sentenced once. Coloma insists that this argument is grounded in an appeal of the BOP's construction of his sentence and not a challenge to the sentence itself. We analyze Coloma's argument in the sections

---

[1] "Multiple terms of imprisonment ordered to run consecutively or concurrently [are] treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c).

3

that follow.

## II. DISCUSSION

"In reviewing the district court's denial of a habeas corpus petition, we review questions of law de novo and the court's findings of fact for clear error." Little v. Holder, 396 F.3d 1319, 1321 (11th Cir. 2005). "A petitioner has the burden of establishing his right to federal habeas relief."[2] Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001).

At the second sentencing hearing, the district court said, "The term of imprisonment imposed by this judgment shall run concurrently with the term of imprisonment that was ordered pursuant to the judgment in the Southern District of Florida case." R1-9, App.A at 28. We must first determine the meaning of the word concurrent. Whatever else the word means with regard to the second sentence, however, it does not mean that the two sentences "hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980).

A sentencing court may allow "terms of imprisonment imposed at different

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this appeal because Coloma's motion was filed after the AEDPA's enactment.

times . . . to run concurrently." 18 U.S.C. § 3584(a). The court should consider the factors set out in 18 U.S.C. § 3553(a) when making this determination. Id. § 3584(b). However, a "term of imprisonment commences on the date the defendant is received in custody . . . at the official detention facility at which the sentence is to be served." Id. § 3585. Thus, the district court's instruction that the sentence was to run concurrently to Coloma's previous sentence was statutorily permissible, and his second sentence began when he returned to a federal detention facility following sentencing.

Coloma argues that the district court order, when properly understood, actually intended his second sentence to have run concurrently from the beginning of his first sentence. We have already observed that this is not what "concurrent" means. However, the Sentencing Guidelines do provide a mechanism for a second sentencing court to take account of a prosecution that is relevant[3] to a previous conviction "to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." Witte v. United States, 515 U.S. 389, 405, 115 S. Ct. 2199, 2208–09 (1995). Coloma's argument, therefore, asks us to examine how the Guidelines affected his sentence.[4] The Guidelines envision a

---

[3] See U.S.S.G. § 1B1.3; see also United States v. Bidwell, 393 F.3d 1206, 1209–11 (11th Cir. 2004).

[4] As a procedural matter, Coloma admits that we may not reexamine the district court's sentence because he elected relief under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255. Thus, we may not review whether the 188-month sentence was the proper one under the Sentencing

5

defendant prosecuted in "two . . . federal jurisdictions[] for the same criminal conduct or for different criminal transactions that were part of the same course of conduct." U.S.S.G. § 5G1.3 cmt. n.2. Accordingly,

> [i]f . . . the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

Id. § 5G1.3(b).

This accounting occurs when a sentencing court "adjust[s the sentence] for any term of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense." U.S.S.G. § 5G1.3 cmt. n.2. "For clarity, the court should note on the Judgment in a Criminal Case Order that the sentence imposed is not a departure from the guidelines because the defendant has been credited for guideline purposes under § 5G1.3(b) with [time] served." Id. Thus, when the court pronounces sentence, that sentence is the "appropriate total punishment." Id.

If there were any doubt that this total sentence is not retroactive to the beginning of the first sentence, that doubt is eliminated by the example in the

---

Guidelines. Even if Coloma had requested that we review his sentence under the liberal pleading doctrine afforded to pro se petitioners by treating his § 2241 petition as a § 2255 petition, we would still not be able to review his sentence, because such petition would be untimely. See Kaufmann v. United States, 282 F.3d 1336, 1337 (11th Cir. 2002).

6

application notes. There, a prisoner had served six months in state court when he was prosecuted for a related crime in federal court. The federal court determined that a sentence of thirteen months was appropriate under the Guidelines and determined that § 5G1.3(b) applied. The prisoner was then sentenced to seven months, which sentence was to run concurrent to the remaining state sentence. See U.S.S.G. § 5G1.3 cmt. n.2. It is clear from the example that the prisoner owed seven more months starting from the date of the second sentencing. This reading of the guideline keeps it consistent with the statute, which says that service of the sentence commences when the defendant arrives in prison. See 18 U.S.C. § 3585. For these reasons, our pre-Guidelines observation in Flores remains the law: "[A] federal sentence cannot commence prior to the date it is pronounced." 616 F.2d at 841.

In this case, we presume that the district court properly applied the Guidelines, including § 5G1.3, when calculating Coloma's sentence.[5] That is, we conclude that, to the extent the district court believed that Coloma's two prosecutions arose from the same course of criminal conduct as Coloma insists on appeal that they did, the court properly applied § 5G1.3(b) to deduct from the second sentence the proper amount of time to account for that already served under

_____

[5] We presume this because Coloma is not challenging his sentence. See supra note 4. The necessity of this assumption is heightened by Coloma's choice not to introduce evidence into the record regarding the sentencing calculations produced in the district court.

7

the first sentence.  See U.S.S.G. § 5G1.3 cmt. n.2.  Thus, to the extent that the district court believed § 5G1.3(b) applied, the 188-month sentence pronounced by the court was the total sentence and would only have been greater but for the court's decision to subtract time to mitigate the danger arising from sentencing in separate prosecutions.[6]  For these reasons, the BOP's construction of Coloma's 188-month sentence was proper.

### III.  CONCLUSION

Coloma has appealed the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241.  Because of the procedural posture of the case, we must presume that the sentence was correctly calculated, and Coloma's 188-month sentence, therefore, accounted for any relevant criminal conduct.  We **AFFIRM**.

---

[6] The language in § 5G1.3(b) is mandatory, but the Third Circuit has held that the language "makes clear that 'concurrently' in subsection (b) means fully or retroactively concurrently, not simply concurrently with the remainder of the defendant's undischarged sentence."  Ruggiano v. Reish, 307 F.3d 121, 128 (3d Cir. 2002).  Coloma argues this interpretation means that his 188-month sentence should be considered as having started in 1991.  As we have explained, § 5G1.3(b) requires a court to take into account time served for related crimes and to determine the appropriate prospective—not retrospective—sentence.