[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 30, 2007
THOMAS K. KAHN
CLERK

No. 06-12547
Non-Argument Calendar

_____

D. C. Docket Nos. 00-08059-CV-CO-S
98-00108-CR-CO-S

IMARI MAISHA MACKEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

No. 06-13271
Non-Argument Calendar

_____

D. C. Docket Nos. 00-08011-CV-LSC-S
98-00108-CR-LSC

FRED LEWIS MACKEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 30, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Imari Maisha Mackey and Fred Lewis Mackey, proceeding pro se, appeal the district court's order denying their motions under Federal Rule of Civil Procedure 60(b)(4), which had sought relief from a previous district court order denying their 28 U.S.C. § 2255 motions to vacate, set aside, or correct their sentences. We affirm.

**I.**

The procedural history of these consolidated appeals is extensive, but we will set forth only the part of it that is necessary to a decision of this appeal.

The Mackeys were convicted in 1998 on various counts stemming from their participation in cocaine trafficking. After their conviction, but before their sentencing, the Mackeys filed with the Clerk of the Eleventh Circuit, pursuant to the rules of the Judicial Council of the Eleventh Circuit governing complaints of judicial misconduct, a complaint under chapter 16 of Title 28, United States Code,

against Judge Edwin Nelson, the district court judge who had presided over their trial. In their complaint the Mackeys alleged that Judge Nelson was racially and "judicially" biased against them. Thereafter, Judge Nelson presided over the sentence hearing of both defendants and sentenced them (one in November 1998 and the other in January 1999) to lengthy prison terms.

Although the record in this appeal does not indicate what action was taken on the Mackeys' complaint against Judge Nelson, it does show that he entered a one-sentence order in April 1999 stating in its entirety that: "The undersigned hereby recuses himself from any further participation in this matter." No explanation for the order appears anywhere in the record before us.

The Mackeys appealed their convictions and their sentences, which this Court affirmed. United States v. Mackey, 211 F.3d 598 (11th Cir. 2000) (unpublished table opinion). After our affirmance, the Mackeys each filed, pursuant to 28 U.S.C. § 2255, motions to vacate, set aside, or correct their sentences. In April 2002, three years after Judge Nelson's recusal order, a magistrate judge issued a report and recommendation that both of their § 2255 motions be denied. On May 9, 2002, Judge Nelson, despite his prior recusal order, entered an order adopting the magistrate judge's report and denying the Mackeys' § 2255 motions. He also denied their applications for a certificate of

3

appealability.  They each filed an application for a COA with this Court, which we

denied as untimely.  Neither in the district court nor in their applications for COA

in this Court did the Mackeys raise the issue of Judge Nelson deciding their §

2255 motions after his earlier order of recusal.

In December 2005 and February 2006, the Mackeys filed motions for relief

from the denial of their § 2255 motions on the ground that Judge Nelson should

not have decided their § 2255 motions after he had recused himself.  They

specifically denominated their motions for relief from judgment as ones under

Rule 60(b)(4), asserting that the judgments denying their § 2255 motions were

void.   Their contention was that Judge Nelson's earlier recusal deprived him of

jurisdiction to rule on their § 2255 motions, and an order or judgment entered

without jurisdiction is void.

The district court, acting through the person of a different judge (Judge

Nelson having died during the interval), denied the Mackeys' Rule 60(b)(4)

motions, but granted them a COA on the following issue:

> whether the court incorrectly denied the movant's Rule 60(b)(4)
> motion to vacate an earlier denial of § 2255 relief, where the judge
> now assigned to the case has independently reviewed the earlier §
> 2255 denial and found it to be correct, notwithstanding the fact that
> the predecessor judge had recused himself before ruling on the § 2255

4

motion.[1]

## II.

We stated in Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001), that "[g]enerally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Burke, 252 F.3d at 1263 (citation and quotation marks omitted). The Supreme Court has not held, however, that the failure of a judge to recuse himself is jurisdictional. See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 862–63, 108 S. Ct. 2194, 2203–05 (1988). As to due process of law, neither we nor the Supreme Court has held that the decision of a judge in a case after he has recused himself in an earlier proceeding involving the same conviction and sentence violates due process of law. The fact that Judge Nelson, after he had sentenced the Mackeys a few months before, recused himself in April 1999 "from any further participation in

_____

[1] After the district court denied his Rule 60(b)(4) motion, Imari Mackey actually filed a Rule 59(e) motion to alter or amend, arguing (1) that the district court failed to address a claim he brought in his § 2255 petition and (2) that regardless of the unaddressed claim, the district court nonetheless erred in finding that Judge Nelson's denial of his § 2255 petition was not void under Rule 60(b)(4). The district court denied Imari Mackey's Rule 59(e) motion, and although he filed a timely notice of appeal from the denial of his Rule 59(e) motion, we dismissed it for want of prosecution. However, we reinstated his appeal after he filed a motion to proceed in forma pauperis, and the district court granted a COA on the same question addressed by this opinion. The issue in that appeal, which is consolidated with this one, is the same given that the COA is identical in both appeals.

this matter" does not mean that he was required to recuse himself in April 2002 when he denied their motions for § 2255 relief. The Mackeys' motions for § 2255 relief were not part of "this matter" at the time of the April 1999 recusal; those motions would not be filed until more than a year and a half later. We do not even know why Judge Nelson recused himself earlier or whether that reason, whatever it was, had dissipated during the three years before he ruled on their § 2255 motions. It is simply not true that once recused, always recused.

The weight of what we do not know and cannot tell from the record—and in all probability can never know since Judge Nelson has died—falls on the § 2255 movants, because they have the burden of establishing their right to relief from the judgment against them. See Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006). Because the Mackeys have not carried that burden, their Rule 60(b)(4) motions were due to be denied.

We are reassured in our decision on this matter by the way in which the district court, per Judge Coogler, reached the same result. Taking a harmless error approach, the district court examined the Mackeys' § 2255 motions afresh and concluded that they were due to be denied and would have been denied regardless of who the judge was. See generally Doddy v. Oxy USA, Inc., 101 F.3d 448, 457–59 (5th Cir. 1996) (applying the harmless error rule to rulings by a judge after

he had recused himself). What this means is that even if we were to conclude that the Mackeys were entitled to the Rule 60(b)(4) relief they seek, it would do them no good. All that Rule 60(b) relief does is set aside the judgment under attack, and here that would be the judgment denying their § 2255 motions. Setting aside the judgment denying their § 2255 motions would leave it to be ruled on by a judge other than Judge Nelson. In this case that would be Judge Coogler, who has been assigned the case. He would reach the same conclusion that he did in ruling on this Rule 60(b)(4) proceeding, which is that their § 2255 motions are due to be denied. The Mackeys would be no better off.

**AFFIRMED.**