[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2010
JOHN LEY
CLERK

No. 09-13888
Non-Argument Calendar

_____

D. C. Docket No. 08-00414-CV-OC-10GRJ

DAVID MARC RATCLIFF,

Petitioner-Appellant,

versus

WARDEN,
FCC Coleman - USP I,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 21, 2010)

Before EDMONDSON, HULL and MARTIN, Circuit Judges.

PER CURIAM:

David Marc Ratcliff, a pro se federal prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. After review, we vacate and remand this case to the district court for further proceedings consistent with this opinion.[1]

According to his § 2241 petition, the Bureau of Prisons ("BOP") investigated Ratcliff for an escape attempt. Ratcliff was found not guilty, and the incident report related to the investigation was subsequently expunged. However, the BOP did not remove the expunged incident report from Ratcliff's prison file and used it to increase his custody level and deny him a transfer.

Ratcliff's § 2241 petition raised three claims related to the expunged incident report: (1) the BOP maintained incorrect information in his prison file related to the incident report and the escape attempt investigation; (2) based on the expunged incident report, the BOP placed a "management variable" on Ratcliff's custody, resulting in his custody status being raised from medium to high security and preventing him from transferring to a lower security facility; and (3) by using the expunged incident report to increase Ratcliff's custody level and deny him a transfer to a lower security facility, the BOP violated its own policy requiring

---

[1]In reviewing a district court's denial of a § 2241 habeas petition, we review the district court's findings of fact for clear error and questions of law de novo. Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006).

expunged records to be removed from the inmate's file and not to be used against the inmate in an adverse manner. Ratcliff's § 2241petition asked the court to order the BOP to remove the expunged incident report from Ratcliff's prison file and any other improperly maintained records and reclassify him to the proper security level.

The district court dismissed Ratcliff's § 2241 petition without prejudice. The district court found that Ratcliff's petition did not challenge the execution of Ratcliff's sentence, but attacked only "the accuracy of information maintained by the BOP in his central file." See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (explaining that challenges to the execution of a sentence are cognizable under § 2241). Accordingly, the district court concluded that Ratcliff's § 2241 petition did not present a cognizable claim under § 2241.

On appeal, Ratcliff argues that his § 2241 petition did attack the execution of his sentence and that the district court failed to address all the claims in his petition.[2] In Clisby v. Jones, we instructed district courts to resolve all claims for relief raised in a petition for writ of habeas corpus prior to granting or denying relief. 960 F.2d 925, 936 (11th Cir. 1992) (en banc) (involving a state prisoner's

---

[2]Although Ratcliff's § 2241 petition listed as a separate ground a claim for "incorrect and incomplete information" in his prison file, on appeal Ratcliff disavows this claim and states that the district court was mistaken when it stated that Ratcliff's § 2241 petition attacks the BOP's recordkeeping. To the extent Ratcliff's § 2241 petition asserted a claim based on the accuracy of BOP's recordkeeping, he has abandoned any challenge to the district court's dismissal of that claim. See Marek v. Singletary, 62 F.3d 1295, 1298 n.1 (11th Cir. 1995) (declining to address issues raised in habeas petition but not raised in appeal brief).

3

28 U.S.C. § 2254 petition); see also Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009) (applying Clisby to a federal prisoner's § 2255 motion). When a district court does not address all claims in the habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims . . . ." Clisby, 960 F.2d at 938.[3]

Upon review of the record and the parties' briefs, we conclude that the district court addressed only Ratcliff's inaccurate recordkeeping claim and did not address his two related claims regarding the BOP's allegedly improper use of the expunged incident report to adversely affect Ratcliff.

Because the district court did not address the merits of these two claims, we vacate the judgment and remand for the district court to consider them and whether they constitute challenges to the execution of Ratcliff's sentence. If the district court determines that these claims do not challenge the execution of Ratcliff's sentence and are not cognizable under § 2241, the district court shall determine whether the claims may be cognizable on some other ground, such as a Bivens claim. See United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990) (explaining that district courts have an obligation to "look behind the label" of a

---

[3]Although Clisby involved a state prisoner's § 2254 petition, Clisby's concern for piecemeal litigation of prisoners' habeas petitions also applies to § 2241 petitions filed by federal prisoners. See Clisby, 960 F.2d at 935 (citing a "deep concern over the piecemeal litigation of federal habeas petitions filed by state prisoners" as the primary rationale for its decision); Rhode, 583 F.3d at 1291 (explaining that the reasoning of Clisby is also applicable to § 2255 motions to vacate).

pro se inmate's motion to determine whether it may be cognizable under a different

remedial statutory framework).

**VACATED AND REMANDED.**