[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10462
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:09-cv-00313-TJC-GRJ

PAUL SANTIVANEZ,

                                                      Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP II,

                                                      Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 1, 2011)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

        Paul Santivanez, a pro se federal prisoner, appeals the district court's dismissal

of his 28 U.S.C. § 2241 petition for habeas relief, in which he made multiple claims that the trial had no jurisdiction to convict and sentence him. The district court dismissed his petition because Santivanez could not show that the savings clause in 28 U.S.C. § 2255(e) applied so that he could file under § 2241. On appeal, Santivanez argues that: (1) because jurisdiction was allegedly lacking in the court where he was convicted, he is "actually innocent" and can therefore raise his claims under § 2241, despite having previously filed a 28 U.S.C. § 2255 motion, and (2) his challenge centers on the "means" of his conviction because, if he is actually innocent, then his imprisonment violates the Constitution and laws of the United States. After careful review, we affirm.

The availability of habeas relief under § 2241 presents questions of law that we review de novo. Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006). In reviewing a district court's denial of a § 2241 habeas petition, we review the district court's findings of fact for clear error and questions of law de novo. Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006).

In general, a § 2255 motion will be a federal prisoner's "primary method of collateral attack" on his conviction and sentence after that conviction has become

final. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).[1]  A § 2241 petition "is not

a substitute for a motion under § 2255 . . . ." Id.  Only on rare occasions will a federal

prisoner be able to attack his conviction and sentence through § 2241 as opposed to

§ 2255.  This is so because the "savings clause" of § 2255 provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who
> is authorized to apply for relief by motion pursuant to this section, shall
> not be entertained if it appears that the applicant has failed to apply for
> relief, by motion, to the court which sentenced him, or that such court
> has denied him relief, unless it also appears that the remedy by motion
> is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphases added).  Thus, a § 2241 petition attacking custody

resulting from a federally imposed sentence may only be entertained if the petitioner

establishes that the remedy provided by § 2255 is inadequate or ineffective.  Wofford

v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).  However, the remedy under § 2255

will only be found to be inadequate of ineffective if:

> 1) [the] claim is based upon a retroactively applicable Supreme Court
> decision; 2) the holding of that Supreme Court decision establishes the
> petitioner was convicted for a nonexistent offense; and, 3) circuit law
> squarely foreclosed such a claim at the time it otherwise should have
> been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. at 1244.  Accordingly, a petitioner may not avoid the savings clause merely

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as precedent all rulings of the former Fifth Circuit handed down prior to October 1, 1981.

3

because he "has filed and been denied a previous § 2255 motion . . . ." Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005). Moreover, when a prisoner files a § 2241 petition, the prisoner bears burden of coming forward with evidence affirmatively showing the inadequacy of ineffectiveness of the § 2255 remedy. McGhee, 604 F.2d at 10. Finally, a petitioner may not argue actual innocence until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim. Wofford, 177 F.3d at 1244 n.3.

Here, the district court correctly determined that Santivanez failed to demonstrate that the savings clause in § 2255(e) applied such that he could raise claims attacking his conviction pursuant to § 2241. Santivanez had previously filed a § 2255 motion, and he failed to demonstrate that the remedy provided by § 2255 was inadequate or ineffective. To the extent that Santivanez attempts to argue actual innocence, he cannot do so because he did not "open the portal" by demonstrating that § 2255(e)'s savings clause applied. Wofford, 177 F.3d at 1244 n.3. Accordingly, we affirm.

**AFFIRMED.**