[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13005
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cv-01333-SDM-AEP

TERRY C. LANCASTER,

                                                    Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - MEDIUM,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 7, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Terry Lancaster, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Lancaster contends he is actually innocent of being a career offender and asserts he is entitled to relief under § 2241 based on *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), *opinion vacated on reh'g en banc*, 11th Cir., ___ F.3d __, (No. 09-12513, May 19, 2011) (*en banc*). Primarily, he contends his conviction for "assault or battery in a county or municipal jail or detention facility" is not a "crime of violence" for the purposes of career offender sentencing under U.S.S.G. § 4B1.1, based on the Supreme Court decision in *Johnson v. United States,* 130 S. Ct. 1265 (2010). Lancaster also contends his other two convictions classified at sentencing as "crimes of violence" are related within the meaning of U.S.S.G. § 4A1.2(a)(2).

The availability of habeas relief under § 2241 is a question of law we review *de novo*. *Sawyer v. Holder*, 326 F.3d 1363, 1365 n.4 (11th Cir. 2003). The petitioner has the burden of establishing his right to federal habeas relief. *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006). Generally, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. *Sawyer*, 326 F.3d at 1365. In a typical case, a prisoner who previously filed a § 2255 motion to vacate must apply for and receive permission from the court of

appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b), 2255(h). Only under very limited circumstances may a federal prisoner file a habeas petition pursuant to § 2241 based on the "savings clause" of § 2255(e) which requires a showing that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of [the petitioner's] detention." *Sawyer*, 326 F.3d at 1365.

We recently vacated our panel opinion in *Gilbert*, and held "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." *Gilbert v. United States*, 11th Cir., ___ F.3d __, (No. 09-12513 at 70, May 19, 2011) (*en banc*). Specifically, we rejected a claim by a federal prisoner that he was incorrectly sentenced as a career offender under § 4B1.1 based on a retroactively applicable Supreme Court decision holding one of his predicate offenses did not satisfy the definition of a "crime of violence" in § 4B1.2(a). *Id.* at 20-21.

Lancaster cannot follow the path to relief now foreclosed by our *en banc* decision in *Gilbert*. The longest statutory maximum for Lancaster's offenses is life imprisonment, so his 292-month total sentence falls within the statutory range

3

of imprisonment for his offense. *See* 21 U.S.C. § 841(b)(1)(A). Thus, his claim

falls squarely within the category of claims foreclosed by *Gilbert*. Additionally,

Lancaster's other argument that his predicate offenses are "related" within the

meaning of the Guidelines is not cognizable on collateral review. He previously

raised the same argument on direct appeal so it too cannot meet the rigorous

standard of the savings clause. *See United States v. Nyhuis*, 211 F.3d 1340, 1343

(11th Cir. 2000). Accordingly, we affirm the district court's dismissal of

Lancaster's § 2241 petition for lack of jurisdiction.[1]

**AFFIRMED.**

---

[1] Lancaster also asserts that his prior conviction for robbery does not constitute a "crime of violence." Because Lancaster raises this issue for the first time on appeal, we will not address this claim. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

BARKETT, Circuit Judge, specially concurring:

Although I agree that this Court's decision in <u>Gilbert v. United States</u>, 11th Cir., ___ F.3d ___, (No. 09-12513 at 70, May 19, 2011) (en banc), controls this case, I adhere to the reasons expressed in my dissent in <u>Gilbert</u> for disagreeing with the Court's decision in <u>Gilbert</u>.