Terry Lancaster, a federal prisoner proceeding pro se, appeals the district court’s dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Lancaster contends he is actually innocent of being a career offender and asserts he is entitled to relief under § 2241 based on Gilbert v. United States, 609 F.3d 1159 (11th Cir.2010), opinion vacated on reh’g en banc, 640 F.3d 1293 (2011) (en banc). Primarily, he contends his conviction for “assault or battery in a county or municipal jail or detention facility” is not a “crime of violence” for the purposes of career offender sentencing under U.S.S.G. § 4B1.1, based on the Supreme Court decision in Johnson v. United States, — U.S. -, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). Lancaster also contends his other two convictions classified at sentencing as “crimes of violence” are related within the meaning of U.S.S.G. § 4A1.2(a)(2).
The availability of habeas relief under § 2241 is a question of law we review de novo. Sawyer v. Holder, 326 F.3d 1363, 1365 n. 4 (11th Cir.2003). The petitioner has the burden of establishing his right to federal habeas relief. Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir.2006). Generally, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer, 326 F.3d at 1365. In a typical case, a prisoner who previously filed a § 2255 motion to vacate must apply for and receive permission from the court of appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b), 2255(h). Only under very limited circumstances may a federal prisoner file a habeas petition pursuant to § 2241 based on the “savings clause” of § 2255(e) which requires a showing that the remedy provided under § 2255 is “inadequate or ineffective to test the legality of [the petitioner’s] detention.” Savyyer, 326 F.3d at 1365.
We recently vacated our panel opinion in Gilbert, and held “the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum.” Gilbert v. United States, 640 F.3d 1293 (11th Cir.2011) (en banc). Specifically, we rejected a claim by a federal prisoner that he was incorrectly sentenced as a career offender under § 4B1.1 based on a retroactively applicable Supreme Court decision holding one of his predicate offenses did not satisfy the definition of a “crime of violence” in § 4B1.2(a). Id. at 1314-17.
Lancaster cannot follow the path to relief now foreclosed by our en banc decision in Gilbert. The longest statutory maximum for Lancaster’s offenses is life imprisonment, so his 292-month total sentence falls within the statutory range of imprisonment for his offense. See 21 U.S.C. § 841(b)(1)(A). Thus, his claim falls squarely within the category of claims foreclosed by Gilbert. Additionally, Lancaster’s other argument that his predicate offenses are “related” within the meaning of the Guidelines is not cognizable on collateral review. He previously raised the same argument on direct appeal so it too cannot meet the rigorous standard of the savings clause. See United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir.2000). Accordingly, we affirm the district court’s *785 dismissal of Lancaster’s § 2241 petition for lack of jurisdiction.[1]
AFFIRMED.

. Lancaster also asserts that his prior conviction for robbery does not constitute a "crime of violence.” Because Lancaster raises this issue for the first time on appeal, we will not address this claim. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir.2004).