[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11041
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22080-JAL


DANIEL K. GARCIA,

                                        Petitioner-Appellant,

versus

WARDEN,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 3, 2013)

Before DUBINA, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Daniel Garcia, a federal prisoner proceeding pro se, appeals the district court's dismissal of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241.[1]  In 1999, Garcia was convicted and sentenced for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(j).  Because he had three prior violent felony convictions, he was subject to the sentence enhancement provision of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which mandates a minimum 15-year prison term.  Garcia was sentenced to 327 months' imprisonment for the felon-in-possession conviction and to a concurrent 120-month term for the stolen firearm conviction.  His conviction and total sentence were affirmed by this court on appeal.  *United States v. Garcia*, Appeal No. 99-2185 (11th Cir. Jan. 4, 2000).

Garcia subsequently sought relief pursuant to 28 U.S.C. § 2255, arguing that counsel's failure to object to the ACCA sentence enhancement amounted to ineffective assistance.  The district court denied Garcia's motion.  Garcia appealed, but we affirmed the district court.  *See United States v. Garcia*, 107 Fed. App'x 184 (11th Cir. 2004) (unpublished table decision).

Garcia then filed a petition pursuant to 28 U.S.C. § 2241.  He did not obtain

---

[1] Garcia also moves this court to permit him to file his reply brief out of time.  The government has not responded to this motion. Because it appears that Garcia attempted to timely file his brief in good faith and because it appears that no prejudice would accrue to the government if the motion were granted, Garcia's motion to file his reply brief out of time is GRANTED.

2

leave to file this motion.[2]  His § 2241 petition asserted that the sentencing court erroneously relied on police reports to establish his ACCA-predicate convictions, in violation of the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005).  The district court, however, dismissed his petition for lack of jurisdiction, finding that Garcia failed to make the requisite showing to invoke the Savings Clause of 28 U.S.C. § 2255(e).  The Savings Clause permits a prisoner to file a habeas corpus petition under § 2241 where the remedy available under §2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).

Garcia now appeals the denial of his § 2241 petition.  Garcia argues, despite having been previously denied relief in an earlier § 2255 proceeding, that he was eligible for post-conviction relief under the Savings Clause.  In support, he again asserts that his claim is based on *Shepard*, which Garcia believes to be a retroactively applicable Supreme Court decision.  He also argues that our subsequent decision in *United States v. Sneed*, 600 F.3d 1326 (11th Cir. 2010), and the Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008) and *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501 (1995), all support granting his § 2241 petition.  Further, he asserts that *Shepard* and *Sneed*

---

[2] Garcia may proceed before this Court despite the lack of a certificate of appealability (COA), because federal prisoners must obtain a COA only when proceeding under § 2255. 28 U.S.C. § 2253(c)(1); *see also Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003). "By negative implication, a federal prisoner who proceeds under § 2241 does not need a COA to [appeal]." *Id.*

establish that he was convicted of a nonexistent offense—namely, the ACCA enhancement. Accordingly, he contends that he is entitled to relief under *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), and that he is entitled to resentencing without the ACCA enhancement.

## I.

The availability of habeas relief under § 2241 normally presents a question of law that we review de novo. *Dohrmann v. United States*, 442 F.3d 1279, 1280 (11th Cir. 2006). In reviewing a district court's denial of a § 2241 habeas petition, we review the district court's findings of fact for clear error, and its rulings of law de novo. *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (per curiam). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

In order to decide whether Garcia may proceed, we articulated a three-prong test in *Wofford* to determine whether § 2255 is inadequate or ineffective to examine the legality of a prisoner's detention under the § 2255(e) Savings Clause. *See Wofford*, 177 F.3d at 1244. Under that test, Garcia must show that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that "circuit law-busting" Supreme Court decision establishes that he was convicted of a non-existent offense; and (3) circuit law squarely foreclosed

4

such a claim at the time it otherwise should have been raised during his trial, direct appeal, or first § 2255 motion. *Id.*

New constitutional rules of criminal procedure are not retroactively applicable on collateral review unless they fall within one of two exceptions. *Teague v. Lane*, 489 U.S. 288, 310, 109 S. Ct. 1060, 1075 (1989). First, such rules apply retroactively if they hold that certain kinds of primary, private individual conduct may not be proscribed. *Id.* at 307, 109 S. Ct. at 1073. Second, they will apply retroactively if they require the observance of procedures that are implicit in the concept of ordered liberty—so-called "watershed rules of criminal procedure." *Id.* at 307, 310–11, 109 S. Ct. at 1073, 1075–76.

## II.

Here, Garcia has not demonstrated that the Savings Clause of § 2255(e) applies. First, in *Gilbert v. United States*, this court was asked whether "the savings clause . . . permits a federal prisoner to challenge his sentence in a 28 U.S.C. § 2241 petition when he cannot raise that challenge in a § 2255 motion because of the § 2255(h) bar against second and successive motions." 640 F.3d 1293, 1295 (11th Cir. 2011) (en banc), *cert. denied*, 132 S. Ct. 1001 (2012). We found that it did not, "at least where the sentence the prisoner is attacking does not exceed the statutory maximum." *Id.* Thus, because Garcia's sentence does not exceed the statutory maximum—life in prison—the district court did not err in

5

dismissing Garcia's petition.

In addition, his claim fails to meet the first prong of *Wofford* as it was not based on a retroactively applicable Supreme Court decision. *See Wofford*, 177 F.3d at 1244. *Sneed* was not decided by the Supreme Court of the United States, *see id.*, and *Shepard* has not been made retroactively applicable to cases on collateral review, *see Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263. Further, neither exception for retroactivity under *Teague* applies. The Supreme Court's holding in *Shepard* does not provide that certain kinds of primary, private individual conduct may not be proscribed. *See Teague*, 489 U.S. at 307, 109 S. Ct. at 1073. Further, *Shepard* does not appear to announce a "watershed" rule of criminal procedure, as neither we nor the Supreme Court has held that the rule applies retroactively. *See id.* at 307, 310–11, 109 S. Ct. at 1073, 1075–76.

**AFFIRMED.**