[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14925
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00565-WTH-PRL

GARY ROBINSON,

Petitioner-Appellant,

versus

FCC COLEMAN - USP II WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 5, 2019)

Before MARCUS, WILSON and HULL, Circuit Judges.

PER CURIAM:

Gary Robinson, a pro se federal prisoner, appeals the district court's denial of

his 28 U.S.C. § 2241 petition for habeas relief.  Robinson argues that he was denied

due process concerning a disciplinary action that reduced his good conduct time, thereby increasing the length of his imprisonment.  After careful review, we affirm.

When reviewing a district court's denial of a § 2241 petition, we review the district court's findings of fact for clear error and questions of law de novo.  Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006).  "Clear error is a highly deferential standard of review."  Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir.2005).  A factual finding is clearly erroneous when, although there is evidence to support it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Id. (quotation omitted).  We may affirm the district court's decision for any reason supported by the record.  United States v. Al–Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).

We've explained that "[d]etermining whether one was deprived of liberty presents a unique challenge with prisoners, who are already deprived of their liberty in the ordinary understanding of the word."  Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999).  Procedural safeguards are demanded, however, if a prisoner is subjected to a change in the conditions of confinement "so severe that it essentially exceeds the sentence imposed by the court," or if a prisoner is deprived of some consistently bestowed benefit that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 1291 (quotation

2

omitted).  We've also said that the deprivation of good conduct time qualifies as an "atypical and significant hardship."  Id.

In Wolff v. McDonnell, the Supreme Court set out the hearing procedures that must be satisfied to meet the standards of due process in the prison setting.  418 U.S. 539 (1974).  According to Wolff, prisoners must receive: (1) written notice of the charges against them at least 24 hours before the corresponding hearing; (2) an opportunity to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action.  Id. at 563-67.

Here, the district court did not err in denying Robinson's § 2241 petition because the undisputed facts reflect that prison officials afforded him due process throughout his disciplinary proceeding.  Specifically, Robinson received a copy of his incident report, detailing the charges against him, almost three years before his disciplinary hearing.  Prison officials advised Robinson of his right to call witnesses and present documentary evidence at the hearing, but he declined to do either.  Further, Robinson obtained the Disciplinary Hearing Officer's written statement that outlined the evidence relied upon and the reason for the disciplinary action.  On this record, prison officials afforded Robinson due process in connection with the

3

hearing that led to his loss of good conduct time, and the district court did not err in denying his § 2241 petition based on that finding.  See id.

**AFFIRMED**.