[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12093
Non-Argument Calendar
_____

Agency No. A044-711-044

STYVEN ALEXIS HERRERA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 2, 2016)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

Styven Alexis Herrera, a native and citizen of Peru, petitions for review of the decision of the Board of Immigration Appeals that affirmed his order of removal. The Board found that Herrera was ineligible for cancellation of removal because he had been convicted of an aggravated felony, 8 U.S.C. § 1229b(a), based on his conviction and sentence for a burglary offense, *see id.* § 1101(a)(43)(G). The Board reasoned that Herrera's sentence to one year of house arrest, which was imposed as a special condition of a five-year sentence of probation, constituted "confinement" that qualified as a "term of imprisonment [of] at least one year." *See id.* § 1101(a)(48)(B). Herrera argues that house arrest does not constitute "confinement" under the Immigration and Nationality Act. We deny Herrera's petition.

## I. BACKGROUND

Herrera entered the United States in 1995 as a legal permanent resident. In 2001, Herrera was convicted in a Georgia court of burglary. Ga. Code Ann. § 16-7-1. The trial court "sentenced [Herrera] to confinement for a period of 5 years," which he was allowed to "serve[] on probation provided [he] m[et] all the terms and conditions of probation," including "serv[ice] [of] one (1) year under house arrest." If the trial court revoked Herrera's probation, it reserved the right to "order incarceration for the entire sentence or any portion thereof."

2

In July 2014, the Department of Homeland Security charged Herrera as removable because he had been convicted of an aggravated felony, the burglary offense. 8 U.S.C. § 1227(a)(2)(A)(iii). Herrera admitted to the prior conviction, but he argued that his burglary offense was not an aggravated felony because he was not sentenced to a term of imprisonment. Herrera based his argument on an order of clarification issued in September 2014 by the Georgia court "to avoid any possible future misinterpretation by Immigration Authorities of the actual terms of [Herrera's] sentence." The order of clarification stated that Herrera "was and is sentenced to five (5) years, entirely on straight probation, with all other terms and conditions of the sentence to remain the same," and that the "Court did not nor does it now impose any confinement whatsoever."

The immigration judge and the Board found that Herrera was ineligible for cancellation of removal and ordered him removed to Peru. The immigration judge ruled that Herrera's burglary offense was an aggravated felony because it resulted in a sentence of one year of "confinement" that qualified as a "term of imprisonment." Herrera argued that the immigration judge failed to give full faith and credit to the order of clarification and that house arrest served as an alternative to incarceration. The Board concluded that the Georgia court "used the term 'confinement' to mean confinement in a prison or other institution and not to include house arrest, which the clarified Order continued to require as a condition

3

of probation"; that the order did "not preclude a finding that house arrest does

constitute 'confinement' for immigration purposes"; and "that 1 year of house

arrest constitutes a form of confinement which meets the definition for finding that

[Herrera] was convicted of an aggravated felony under section 101(a)(48)(B) of the

Act."

## II. STANDARD OF REVIEW

"We review questions of law *de novo*, including whether a conviction

[qualifies as] an aggravated felony" under the Immigration and Nationality Act.

*Dixon v. U.S. Att'y Gen.*, 768 F.3d 1339, 1341 (11th Cir. 2014). The interpretation

of an ambiguous statute by the Board is entitled to deference as long as it is

reasonable. *Poveda v. U.S. Att'y Gen.*, 692 F.3d 1168, 1172 (11th Cir. 2012).

"Judicial deference to the Executive Branch is especially appropriate in the

immigration context." *Id.* (quoting *INS v. Aguirre–Aguirre*, 526 U.S. 415, 425, 119

S. Ct. 1439, 1445 (1999)).

## III. DISCUSSION

An alien who is convicted of an aggravated felony after his admission to the

United States is ineligible for cancellation of removal. 8 U.S.C. § 1229b(a). Under

the Act, a "burglary offense" qualifies as an aggravated felony if the conviction

resulted in a "term of imprisonment [of] at least one year." *Id.* § 1101(a)(43)(G).

"A term of imprisonment . . . includes the period of incarceration or confinement

ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." *Id.* § 1101(a)(48)(B). Under section 1101(a)(48)(B), a term of imprisonment includes "all parts of a sentence of imprisonment from which the sentencing court excuses the defendant, even if the court itself follows state-law usage and describes the excuse with a word other than 'suspend.'" *United States v. Ayala-Gomez*, 255 F.3d 1314, 1319 (11th Cir. 2001).

The Board reasonably determined that house arrest is a "term of imprisonment" under section 1101(a)(48)(B). A "term of imprisonment" is defined in the Act as a "period of incarceration *or* confinement." 8 U.S.C. § 1101(a)(48)(B) (emphasis added). The "[c]anons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings," *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S. Ct. 2326, 2331 (1979), which reinforces the conclusion of the Board that "'confinement' must mean something other than 'incarceration.'" And a "term of imprisonment . . . includes . . . any suspension of the imposition or execution of . . . [a] sentence," 8 U.S.C. § 1101(a)(48)(B), which suggests that it must encompass "more than just time spent in jail," *Ilchuk v. Att'y Gen. of the U.S.*, 434 F.3d 618, 623 (3d Cir. 2006). Because "[w]ords in federal statutes reflect federal understandings," *Ayala-Gomez*, 255 F.3d at 1319, the statement of the Georgia court in its order of clarification that Herrera was not sentenced to "any

confinement" was due no weight in his immigration proceeding. *See United States v. Garza-Mendez*, 735 F.3d 1284, 1288–89 (11th Cir. 2013) (refusing to credit a "subjective, interpretive clarification order" obtained "to precede and influence [a] federal sentence"). Under the federal sentencing system, a sentence of house arrest that "is imposed pursuant to a criminal conviction . . . is designed to either punish or rehabilitate." *Rodriguez v. Lamer*, 60 F.3d 745, 749 (11th Cir. 1995). For example, house arrest is given equal credit as imprisonment under the Sentencing Guidelines. *See* United States Sentencing Guidelines Manual § 5C1.1(e)(3) (Nov. 2010). The Board reasonably concluded that house arrest, as a punitive measure that involves a "serious restriction of liberty," constitutes confinement and is a "term of imprisonment" under the Act. *See Ilchuk*, 434 F.3d at 623. Herrera's burglary offense, for which he was sentenced to a "term of imprisonment [of] at least one year," qualified as an aggravated felony and made him ineligible for cancellation of removal.

The order of clarification by the Georgia court also did not affect the length of Herrera's "term of imprisonment." The order of clarification stated that "all other terms and conditions of [Herrera's] sentence . . . remain[ed] the same." The order did not disturb the "condition" in Herrera's original sentence that he "serve one (1) year under house arrest."

## IV. CONCLUSION

We **DENY** Herrera's petition for review.