[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12788

_____

D.C. Docket No. 1:18-cv-24140-RAR

FRANCISCO LIRA,

Plaintiff-Appellant,

versus

ESSENTIA INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 6, 2021)

Before MARTIN, ROSENBAUM, and LUCK, Circuit Judges.

MARTIN, Circuit Judge:

Francisco Lira appeals the District Court's ruling denying his motion for entitlement to attorney's fees and costs under Southern District of Florida Local Rule 7.3 ("Local Rule 7.3" or "the Local Rule"). Local Rule 7.3(a)(1) requires motions for attorney's fees and costs to be filed within 60 days of "the final

judgment or order giving rise to the claim." S.D. Fla. R. 7.3(a)(1). After careful consideration and with the benefit of oral argument, we apply Local Rule 7.3(a)(1) in this case and conclude that the District Court did not abuse its discretion in denying Mr. Lira's motion as untimely under that Rule. We therefore affirm.

## I

In 2018, Mr. Lira sued Essentia Insurance Company ("Essentia") in Florida state court, alleging Essentia breached an insurance policy by failing to pay him benefits after his car was stolen. Essentia removed the lawsuit to federal court. The following year, the parties settled their dispute and filed a joint "Notice of Settlement and Stipulation" in the District Court. In that filing, the parties "stipulate[d] to [Mr. Lira's] entitlement to reasonable attorneys' fees and costs in this matter and the Court retains jurisdiction to determine the amount of the same." The next day, on July 23, 2019, the District Court administratively closed the case. In that order, the District Court told the parties they could request that the case be reopened if the "expected" settlement fell through. The District Court also "retain[ed] jurisdiction for purposes of determining the amount of fees and costs due" to Mr. Lira.

The parties were unable to agree on the amount of fees and costs, and Mr. Lira moved to reopen the case on September 13, 2019 in order to determine that amount. The following day, the District Court denied Mr. Lira's motion to reopen

2

but invited Lira to file a motion for attorney's fees and costs. Mr. Lira didn't file that motion. Instead, on October 8, 2019, Mr. Lira filed a "Request for Entry of Judgment, or in the Alternative, Motion for Entitlement to Attorneys' Fees and Costs." In Mr. Lira's view, since the parties settled their dispute outside of court, the correct process called for the District Court to enter an order affirming the stipulation and entitling Lira to attorney's fees and costs.

The court viewed the called-for process differently. The magistrate judge recommended that Mr. Lira's motion be denied. According to the magistrate judge, the District Court's July 23, 2019 order, together with the parties' stipulation that Mr. Lira was entitled to attorney's fees and costs, was the order giving rise to the claim for attorney's fees and costs that "unequivocally triggered" Local Rule 7.3(a)(1). The magistrate judge therefore applied the Local Rule's 60-day deadline and found that Mr. Lira's motion was untimely because more than 60 days had passed since the District Court's July 23, 2019 order. The District Court adopted the magistrate judge's report and recommendation over Mr. Lira's objections.[1] This is Mr. Lira's appeal.

---

[1] The magistrate judge also recommended that Mr. Lira's motion be denied on alternative grounds under Local Rule 7.3, and the District Court adopted those as well. Because we hold that the District Court did not abuse its discretion in denying Mr. Lira's motion as untimely, we do not consider the alternative reasons given for denying Lira's motion.

3

## II

Local Rule 7.3(a)(1) requires that motions for attorney's fees and costs be filed within 60 days of "the final judgment or order giving rise to the claim." S.D. Fla. R. 7.3(a)(1). Mr. Lira says the District Court erred in holding that Local Rule 7.3(a)(1) applies because there has not been a final judgment or order giving rise to a claim for attorney's fees and costs. And because the Local Rule does not apply, he says the issue here is not whether he complied with its 60-day deadline. Essentia, on the other hand, says the District Court's July 23, 2019 order ratified the parties' stipulation that Mr. Lira was entitled to attorney's fees and costs and thus gave rise to the claim for attorney's fees and costs. As such, Essentia argues that Local Rule 7.3(a)(1) applies and says the District Court did not abuse its discretion in denying Mr. Lira's motion as untimely under the Local Rule's 60-day deadline.

"We review a district court's application of its local rules for an abuse of discretion." United States v. McLean, 802 F.3d 1228, 1233 (11th Cir. 2015). In doing so, "[w]e give great deference to a district court's interpretation of its local rules." Reese v. Herbert, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008) (quotation marks omitted) (alterations adopted). The Local Rule imposes a 60-day deadline from "the entry of the final judgment or order giving rise to the claim" for attorney's fees and costs. S.D. Fla. R. 7.3(a)(1). The use of the disjunctive "or"

4

indicates that the terms "final judgment" and "order giving rise to the claim" have separate meanings and that either is sufficient to trigger the Local Rule's 60-day deadline. See Herrera v. U.S. Att'y Gen., 811 F.3d 1298, 1301 (11th Cir. 2016) ("The canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings." (quotation marks omitted) (alterations adopted)). This view of Local Rule 7.3(a)(1) makes good sense. Specifically, it ensures that the Local Rule applies both in cases where there is a final judgment and in cases where there is not a final judgment but still a claim for attorney's fees. See, e.g., Ofarrill v. MMDO Corp., 2020 WL 4003644, at *1 (S.D. Fla. July 15, 2020) (unpublished) (final judgment); PDVSA U.S. Litig. Tr. v. Lukoil Pan Ams. LLC, 2019 WL 1258819, at *1 (S.D. Fla. Mar. 19, 2019) (unpublished) (order granting motion for sanctions); Sun Capital Partners, Inc. v. Twin City Fire Ins. Co., 2016 WL 1730610, at *3 (S.D. Fla. Apr. 26, 2016) (unpublished) (order granting motion to compel).

Mindful of the "great deference" given to a district court's interpretation of its local rules, we conclude that Local Rule 7.3(a)(1) applies in this case. See Reese, 527 F.3d at 1267 n.22 (quotation marks omitted) (alteration adopted). Specifically, we hold that the District Court's July 23, 2019 order was the "order giving rise to the claim" for attorney's fees and costs. The parties first stipulated that Mr. Lira was "entitle[d]" to attorney's fees and costs and that the court

retained "jurisdiction to determine the <u>amount</u> of the same." The District Court's July 23, 2019 order then implicitly ratified the parties' stipulation as to entitlement by stating that "[a]t the request of the parties" it would "retain jurisdiction for purposes of determining the <u>amount</u>" of attorney's fees and costs. Indeed, even Mr. Lira admits that the district court's July 23, 2019 order "acknowledged [his] entitlement" to attorney's fees and costs. Because the District Court approved Mr. Lira's entitlement to attorney's fees and costs, the order thus gave rise to his claim for such fees and costs and triggered the Local Rule. See S.D. Fla. R. 7.3(a)(1). And while the District Court told the parties they could request that the case be reopened if the "expected" settlement fell through, it is reasonable to interpret this statement to mean that the parties' settlement of the underlying claim may not have been fully consummated. Nevertheless, this issue is distinct from Mr. Lira's entitlement to attorney's fees and costs, which the parties expressly stipulated to and the district court ratified.[2]

---

[2] Mr. Lira also asserts that the District Court erred in applying Local Rule 7.3 to his motion for entitlement to attorney's fees and costs because his motion was not "filed pursuant to Local Rule 7.3." We conclude the District Court appropriately applied Local Rule 7.3 to his motion. Even if Mr. Lira was moving only for entitlement to attorney's fees and costs, the Local Rule does not exclude such motions from its scope. Instead, it applies broadly to "motion[s] for an award of attorneys' fees and/or non-taxable expenses and costs." S.D. Fla. R. 7.3(a). Indeed, the Local Rule says that motions are required to set forth the grounds entitling the moving party to attorney's fees and costs, which indicates that the Local Rule does cover Mr. Lira's motion, however it may be construed. See S.D. Fla. R. 7.3(a)(2).

Because we hold that Local Rule 7.3(a)(1) applies, we must now decide whether the District Court abused its discretion in denying Mr. Lira's motion as untimely under the Local Rule's 60-day deadline.  See Quick, 993 F.2d at 798 ("We review a district court's denial of an award of attorney's fees for failure to comply with the local rules under an abuse of discretion standard.").  We conclude that the District Court did not abuse its discretion.  The District Court's July 23, 2019 order started Local Rule 7.3(a)(1)'s 60-day clock, so Mr. Lira had until September 23, 2019 to file his motion for attorney's fees and costs.  But Mr. Lira didn't file a motion within that 60-day window and instead only filed the instant motion on October 8, 2019.  Therefore, the District Court did not make a clear error of judgment in denying Mr. Lira's motion as untimely.  See Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302 (11th Cir. 2009) ("In order to meet the abuse of discretion standard, Plaintiffs bear the burden of showing that the district court made a clear error of judgment.").

**AFFIRMED.**